LEVY MELHADO, AS ADMINISTRATOR, ETC., RESPONDENT, *v.* THE POUGHKEEPSIE ·TRANSPORTATION COMPANY, APPELLANT.

*Action for negligently causing death — when the complaint is sufficient —when freedom from contributory negligence need not be alleged.*

APPEAL from an order overruling a demurrer interposed to the complaint in this action, brought under the statute, for causing the death of the plaintiff's intestate by a wrongful act of the defendant. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.   The allegations in substance are that the defendant is a corporation, and that while the

deceased was a passenger on one of the boats of the company he came to his death by being drowned in the waters of the Hudson river; that his death was caused by the wrongful act, neglect and default of the defendant in refusing to stop the boat or render him any assistance whatever, though requested so to do.

The court at General Term said : " These words set down a cause of action against the defendant. The general rule of law with us certainly is that absence of negligence contributive to the misfortune must be shown by the plaintiff as an essential prerequisite to recovery; yet this rule is limited and qualified by an exception or rather another rule, that where the exercise of ordinary care on the part of the defendant would have avoided the misfortune, the negligence of the plaintiff will not excuse nor avail as a defense. (*Kenyon* v. *The Ralroad*, 5 Hun, 479.)

" If this complaint fails to allege freedom from negligence on the part of the deceased, it yet does allege wrongful and willful neglect and default in refusing to stop the boat and save a human life. Culpable negligence resulting in death is a crime, and where life has been lost by the carelessness or negligence of another the law admits no justification. ' This rule applies not only where the death of one is caused by the negligent act of another, but where it is caused by the negligent omission of duty of that other.'

" There was due from the defendant to the deceased passenger protection and safety so far as they could be secured by reasonable care and exertion; certainly this obligation did not cease at the supreme moment when his life was in peril."

The order should be affirmed, with costs.

*Thompson, Weeks & Lown,* for the appellant.

*Wm. R. Woodin,* for the respondent.

Opinion by DYKMAN, J.; GILBERT, J., concurred; BARNARD, P. J., not sitting.

Order overruling demurrer affirmed, with costs.